UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Simone Doyley,<br><br>    Plaintiff,<br>v.<br><br>Synchrony Bank f/k/a GE Capital Retail Bank,<br><br>    Defendant. | Civil Action No.: 4:14-cv-3143<br><br><br>**COMPLAINT**<br>**JURY** |

For this Complaint, the Plaintiff, Simone Doyley, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Simone Doyley ("Plaintiff"), is an adult individual residing in Houston, Texas, and is a "person" as defined by 47 U.S.C. § 153(39).

4. The Defendant, Synchrony Bank f/k/a GE Capital Retail Bank ("Synchrony"), is an Ohio business entity with an address of 950 Forrer Boulevard, Kettering, Ohio 45420 and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. In or around August 2014, Synchrony began placing calls to Plaintiff's cellular telephone, number 832-xxx-5819, in an attempt to collect a consumer debt (the "Debt") allegedly owed by Plaintiff.

6. Synchrony placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS" or "predictive dialer").

7. When Plaintiff answered the calls, she was met with a period of silence and had to wait on the line to be connected to the next available customer service representative.

8. Plaintiff spoke with a live representative in late August 2014, whom she advised that she was experiencing financial difficulties and could in no way afford to pay the Debt at that time. Plaintiff further advised that she would repay the Debt as soon as her financial condition improved and requested that all calls to her cease.

9. Despite being advised that Plaintiff was unable to pay the Debt and to stop the calls, Synchrony continued to place automated calls to Plaintiff at an excessive and harassing rate.

10. The calls caused Plaintiff a great deal of frustration and intruded on her right to be free from unwanted invasions. Plaintiff was ultimately forced to retain the assistance of counsel in an effort to stop the calls.

## COUNT I

### VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et seq.*

11. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. At all times mentioned herein and within the last year, Defendant called Plaintiff on her cellular telephone using an ATDS or predictive dialer.

13. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

14. Defendant's telephone systems have some earmarks of a Predictive Dialer.

15. When Plaintiff answered the phone, she was met with a period of silence before Defendant's telephone system would connect her to the next available representative.

16. Upon information and belief, Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Defendant contacted Plaintiff by means of automatic telephone calls to her cellular phone knowing that it lacked consent to call her number in light of her revoking her consent. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 4, 2014

Respectfully submitted,

By:  /s/ Jenny DeFrancisco

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250